1  MCGREGOR W. SCOTT
   United States Attorney
2  THOMAS M. NEWMAN
   Assistant United States Attorneys
3  2500 Tulare Street, Suite 4401
   Fresno, California 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5  Attorneys for Plaintiff
   United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-127-DAD-BAM |
|---|---|
| Plaintiff, | STIPULATION TO CONTINUE; AND ORDER |
| v. | |
| ABRAHAM NAVARRO-MENDEZ, | |
| Defendant. | |

This case was originally set for a status conference on April 27, 2020, which the parties stipulate to continue to June 22, 2020, for the reasons set forth below. On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

STIPULATION TO CONTINUE                    1

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time"

**STIPULATION**

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Eastern District of California, and defendant, ABRAHAM NAVARRO-MENDEZ, by and through his counsel, hereby agree and stipulate to continue the status hearing in this matter, which is currently set for April 27, 2020, until June 22, 2020. In support thereof, the parties stipulate that:

1. The Defendant, ABRAHAM NAVARRO-MENDEZ, was charged by indictment on June 13,

2019.  The defendant was released on conditions set by the court on June 3, 2019.

2. Following the initial appearance, the government has provided initial and then supplemental discovery.  The defense continue to review that discovery in order to assess the case.  The government expects to send a proposed resolution in the upcoming weeks.

3. For those reasons, the parties stipulate that the period of time from April 27, 2020, through June 22, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated:  March 30, 2020                                MCGREGOR W. SCOTT
                                                      United States Attorney

                                                 By:  /s/ THOMAS NEWMAN
                                                      THOMAS NEWMAN
                                                      Assistant United States Attorney

Dated: March 26, 2020                                 /s/ David Torres
                                                      David Torres
                                                      Attorney for Defendant
                                                      ABRAHAM NAVARRO-MENDEZ

**O R D E R**

IT IS ORDERED that the status hearing set for April 27, 2020, at 1:00 pm is continued until June 22, 2020, at 1:00 pm before Magistrate Judge Barbara A. McAuliffe.

IT IS FURTHER ORDERED THAT the period of time from April 27, 2020, through June 22, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated: __March 31, 2020__              /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE